Filed 6/10/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| Adoption of K.C., a Minor. | 2d Civil No. B265157 |
| | (Super. Ct. No. 1469835) |
| I.S. et al., | (Santa Barbara County) |
| Plaintiffs and Respondents, | |
| v. | |
| G.C.S., | |
| Defendant and Appellant. | |

Here we decide the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) does not apply to adoptions.  (Fam. Code, § 3400 et seq.)[1]  Our task was easy; we read the statute.

A mother with sole custody of a child and her husband petitioned for a stepparent adoption of the child.  I.S. ("Mother) had sole custody of the child, K.C., under a New York decree.  Mother and her husband, J.S., petitioned the trial court to declare that the consent of G.C.S., the natural father ("Father"), to the adoption is not required (§ 8604, subd. (b)) and to terminate Father's parental rights (§ 7822).  The trial court granted the petition.  Father appeals, claiming the trial court lacked jurisdiction because it failed to comply with the UCCJEA.  We affirm.

---

[1] All statutory references are to the Family Code.

FACTS

Mother met Father while visiting Ecuador. After Mother became pregnant, she returned to the United States without Father. Mother gave birth to the child in July 2008. Father did not see the child until the child was six months old. Father came to the United States and the couple was married in March 2009. They lived in New York. The couple lived together as husband and wife but, after a few months, agreed to separate. Because Father had no place to go, he slept on Mother's couch. But then due to Father's violence and alcohol abuse, Mother obtained a restraining order.

In March 2010, Father filed a petition in a New York court seeking custody of or visitation with the child. The court initially ordered supervised visitation, but later, in September, it suspended the visitation order. The court did not restore Father's visitation rights, and the custody proceedings were dismissed.

While living in New York, Mother met J.S., the proposed adoptive father. They moved to California. Mother testified she received permission from the New York court to take her child with her to California. Mother and J.S. are now married and reside in California with the child.

In October 2011, Mother returned to New York to allow the child to visit Father. Mother brought the child to the Father's residence. Shortly thereafter, the child called Mother and asked her to come get him. Father has not seen the child since.

In October 2012, the couple divorced. The New York decree awarded sole custody of the child to Mother and did not award Father visitation. It ordered Father to pay $25 per month in child support.

Since moving to California, Mother has not prevented Father from visiting the child. Father promised the child he would come to California to visit, but he did not. Instead, Father traveled to Puerto Rico and Ecuador. He has not paid child support.

J.S. filed a stepparent adoption petition. He also filed the instant petition to determine the necessity of Father's consent or alternatively to declare the child free from Father's custody and control.

2

The trial court determined that Father failed to support the child or to have any meaningful contact with the child for well over one year and that it is in the child's best interest to be adopted by his stepfather, J.S. The court ruled that Father's consent is not necessary for the child to be adopted by J.S. pursuant to section 8604. The court also ruled that Father abandoned the child and it terminated Father's parental rights pursuant to section 7822.

## DISCUSSION

Father contends the trial court lacked subject matter jurisdiction to modify the New York custody order.

Father relies on section 3423, a part of the UCCJEA. It states: "Except as otherwise provided in Section 3424, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under paragraph (1) or (2) of subdivision (a) of Section 3421 and either of the following determinations is made: [¶] (a) The court of the other state determines it no longer has exclusive, continuing jurisdiction under Section 3422 or that a court of this state would be a more convenient forum under Section 3427. [¶] (b) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state."

But section 3403 presents an insuperable barrier to Father's contention. It provides, "This part *does not govern* an adoption proceeding . . . ." (Italics added.) "This part" refers to the UCCJEA. Jurisdiction over adoption proceedings is governed by section 9210. Father does not contest that the trial court has jurisdiction over the child's adoption. Father argues that the instant petition is not part of an adoption proceeding. But the petition and the trial court's findings show that it is.

Section 8604, subdivision (b) provides that when a birth parent has sole custody and the noncustodial parent has willfully failed to communicate with or to provide support to the child for a period of one year, the parent having sole custody may consent to the child's adoption. The section unequivocally applies to adoption

3

proceedings.  It is not subject to the UCCJEA.  Nor is there a reason to adopt Father's suggestion that we treat the UCCJEA as a precursor to the adoption proceeding.

Section 7822, subdivision (a)(3) provides that where a parent leaves a child for one year without any provision for the child's support, the court may terminate that parent's parental rights.  The scope of this section is not limited to adoption proceedings.  In this case, however, the application of section 7822, subdivision (a)(3) is within the context of an adoption proceeding.  So too here the UCCJEA does not apply.

DISPOSITION

The judgment (order) is affirmed.  Costs on appeal are awarded to respondents.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

Douglas R. Donnelly for Plaintiffs and Respondents.